W. E. PERKINS and DANIEL KEITH, administrators, etc., plaintiffs in error, vs. MARIAH J. KEITH, defendant in error.

1. P. some time after the intermarriage of his daughter with K., placed some slaves in their possession with the distinct agreement and understanding between the father and husband, that the possession of said negroes shall not operate as a gift or otherwise vest title in the husband, but was for the separate benefit of the wife and such children as she might thereafter have, and that the father would at a convenient time execute a deed in writing conveying said negroes to the husband in trust for the purposes aforesaid. The husband died before the instrument was executed, and his administrator proposed distributing this property as a part of his estate: *Held*, that upon a bill filed for that purpose, a Court of Equity would restrain the administrator from controlling this property, and decree a conveyance from the father to the daughter, pursuant to the original agreement and understanding of the parties, the father not objecting thereto.

In Equity, from Quitman Superior Court. Decision on demurrer, by Judge JOHN T. CLARK, at the May Term, 1863.

Mariah J. Keith filed her bill in equity, in Quitman Superior Court against Williamson E. Perkins and Daniel Keith, as the administrators *de bonis non* of George W. Keith, deceased, in which she alleged, that in the month of October, 1860, she intermarried with George W. Keith; that in the month of November thereafter, Williamson E. Perkins, her father, placed in the possession of her husband four negro slaves, with the express agreement and understanding by and between her said husband and father, that the negroes were given to him in his own right, but in trust for the sole and separate use and benefit of the complainant, and such child or children as she might thereafter have, free from the debts or liabilities of the said George W. Keith, or any future husband of the complainant, and that at some convenient time in the future, her said father would execute a deed in writing, conveying the negroes to the said Keith in trust for the uses and purposes before stated; that the said George W. Keith, at the time of his marriage with the complainant, had three minor children by a former wife; that said chil-

dren were still in life and still minors; that the execution of the deed aforesaid was delayed from time to time, notwithstanding its execution was desired and repeatedly urged by the said George W. Keith until the 22d of January, 1862, when George W. Keith died; that Joseph H. Keith, a brother of the said George W. Keith, obtained letters of administration on his estate, and took possession of said negroes as the property of the said George W. Keith; that the said Joseph H. Keith died shortly thereafter, and Daniel Keith, the father of the said George W. Keith, obtained letters of administration *de bonis non* on said estate, and also obtained letters of guardianship of the persons and property of said three minor children; that said Daniel Keith took possession of said negroes, and had them appraised as a part of the estate of said George W. Keith, and proposes to distribute said negroes amongst all the heirs of the said George W. Keith, and will soon make application to the proper Court for an order thus distributing them, unless restrained.

The bill prays, amongst other things, that the negroes may be vested in a trustee, and delivered to such trustee, for complainant's separate use, according to the original agreement of the parties.

The defendants set up a general demurrer to the bill for want of equity, which demurrer was overruled by the presiding Judge, and that decision is the error complained of.

GEORGE L. PEAVY, for plaintiff in error.

STROZIER, representing WIMBERLY, for defendant in error.

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

The capital defect in the argument of our young brother, if he will pardon the criticism, is, in treating this as a contest between the husband, or representative of the deceased husband, and the wife or widow, instead of the father of the wife and his daughter, who are really the parties to the case. The argument is highly creditable to the research and industry of plaintiff's counsel. The proposition assumed by Mr.

Peavy, and fully sustained by his authorities, need not be controverted for the purposes of this decision.

It is contended that a Court of Equity will not enforce the execution of a voluntary contract. Concede this to be true, William E. Perkins, the father, is not resisting the bill, but on the contrary, is willing and desirous to settle this property upon his daughter, and any children which she may have, in fulfilment of his promise when he permitted the slaves to go into possession of her and her husband.

Again, it is said that as between different volunteers a Court of Equity will not generally interfere, but will leave parties where it found them. In this case the practical application of this doctrine would be to turn over these negroes to Mr. Perkins, he having never parted with the title. He placed them in the possession of his son-in-law as a loan, temporarily, until a settlement could be made upon his daughter.

Further, it is argued, that a parol agreement, after marriage, to make a settlement upon a wife, is *nudum pactum*, and that even a parol agreement before should be evidenced by writing, under the Statute of Frauds.

This is not an agreement made by the husband either before or after marriage, nor is it a contest between the wife and the children by a former wife of the husband. The property loaned by the father is found in the possession of the husband at his death. The administrator of the husband proposes to distribute it as a part of the husband's estate, amongst his widow and the children. The widow interposes by bill, alleging that the negroes in dispute are no portion of the assets of her deceased husband's estate. For that her father after her intermarriage with George W. Keith, placed the property in his possession, with the express understanding and agreement between the husband and father, that the possession should not operate as a gift to the said George W., or otherwise vest the title in him, but was for the separate benefit of the complainant and such child or children as she might thereafter have, and it was further stipulated by the parties, that at some convenient time thereafter, a deed should

be executed in writing, conveying the property in trust to the said George W. Keith, for the purposes aforesaid. He died before the instrument was made.

These facts being admitted, as they are by the demurrer, ought not the administrator of the deceased husband to be restrained from administering this property, and ought not the father to be decreed to execute a title pursuant to his promise?

But it is finally insisted, that in case of a portion secured by settlement, a distributive share in case of intestacy to the full amount of the portion, will be decreed a satisfaction, or more properly speaking, a performance, and if the distributive share is of less value than the portion, it will be decreed a performance *pro tanto*.

Here, again, the controversy is considered between the wife and the deceased husband. What portion has he settled upon his wife, and what has a gift made to her by her father to do with any distributive shares which she may be entitled to from her husband's estate?

In conclusion, we would state the law of this case to be this: The owner of an equitable title has the right to demand the conveyance of the legal title, 27 Georgia, Rep. 372; and it is no objection in the administrator's mouth, that the bill seeks the enforcement of a voluntary agreement to convey. 16 Ga. Rep., 49; 27 Ga. Rep., 36; 28 Ga. Rep., 74; 1 White & Tudor's Leading Cases, top page 176-8-9, 216, 218, 219,

Judgment affirmed. Let the defendants answer.