## J. M. WILSON
## v.
## KATHARINE KELLER.

1. GIFT—DELIVERY.—A verbal gift is necessarily an executed contract, and delivery of the subject-matter of the gift, so far as it is capable of a delivery, is of the essence of the title. If the thing be not capable of delivery—as a chose in action—there must be an assignment or some equivalent instrument, and the transfer must be actually executed.

2. AGREEMENT TO ABANDON A CLAIM.—An agreement to abandon a claim, unless there be a consideration shown, is a mere *nudum pactum.* In the present case no such consideration was shown.

APPEAL from the County Court of Randolph county; the Hon. WM. P. MURPHY, Judge, presiding. Opinion filed October 6, 1881.

Mr. WM. HARTZELL and Mr. J. H. LINDSEY, for appellant; that reasonably strict proof is required to establish a parol gift of a chattel, cited Boudreau v. Boudreau, 45 Ill. 480.

A verbal gift without delivery may be resumed: Cranz v. Kroger, 22 Ill. 74; 2 Kent's Com. 575.

Messrs. GORDON & HOOD and Mr. H. C. HINCKLEY, for appellee; that a gift once consummated by delivery cannot be recalled, cited Cranz v. Kroger, 22 Ill. 74 Kent's Com. 577.

A verdict will not be set aside although the evidence is conflicting, if there is evidence to sustain it: Chapman v. Burt, 77 Ill. 337; Edgmon v. Ashelby, 76 Ill. 161; Kightlinger v. Egan, 75 Ill. 141; Calvert v. Carpenter, 96 Ill. 63; Simons v. Waldron, 70 Ill. 281; Summers v. Stark, 76 Ill. 208.

Instructions should not exclude facts that ought to be considered by the jury: 37 Ill. 538; Von Glahn v. Von Glahn, 46 Ill. 134; Emery v. Hoyt, 46 Ill. 258.

BAKER, J. It was admitted on the trial the medical services charged in appellant's book account had been rendered, and that the charges therefor were reasonable. But it was

claimed by appellee that appellant made her a gift of the account, or released his claim; and she introduced witnesses who testified to statements of his, made after the indebtedness accrued, to the effect he would not charge or did not intend to charge her anything. These statements were denied; and the testimony showed that shortly before the commencement of suit, appellee paid $7.50 on the account, and when it was again presented said she had no money, would pay it if she had the money, but objected to giving her note; at the same time making no claim, it was not a legal demand against her. Waiving all these latter circumstances, there was no valid gift, or release, or agreement to release, shown by appellee's own testimony.

A verbal gift is necessarily an executed contract; and delivery of the subject-matter of the gift is of the essence of the title. There must be an actual delivery, so far as the subject is capable of delivery; and if the thing be not capable of actual delivery, there must be some act equivalent to it. If the thing given be a chose in action, the law requires an assignment, or some equivalent instrument, and the transfer must be actually executed. 2 Kent's Com. p. 439. If the subject be a common law chose in action, the legal title of which is not assignable, then the equitable interest passes by a delivery with intent to transfer. Penfield v. Thayer, 2 E. D. Smith (N. Y.), 305.

In the case before us, as the book account was against appellee herself, the delivery of a receipted copy of it, or of an acquittance, or possibly of a copy of the account not receipted, if the intention to transfer was clearly shown, would be a delivery suited to the subject-matter of the gift; and probably an erasure of the charges from the account book would be regarded as an equivalent act. But here, no one of these things was done, nor was any act tantamount thereto done; and the intent to give, if it ever existed, was never executed. If the intention not to charge had existed at the very time the operation was performed and the prior services rendered, a different question would be presented.

The release of a cause of action *ex contractu*, not based on

a bill of exchange or promissory note, could be accomplished only, at common law, by a release under seal or by an, executed agreement, where there was a *quid pro quo*, termed in law an accord and satisfaction. But an agreement to abandon a claim, unless there be a consideration shown, is a mere *nudum pactum*. See Addison on Contracts, 7th Edn. 267, and authorities there cited. In the case before us, there was no consideration shown for the agreement to release, even if we assume there was such agreement. It follows from what we have said, the instructions given by the court below were erroneous, and the verdict was against the law and the evidence, and that the court erred in overruling the motion for a new trial. The judgment is reversed and the cause is remanded.

Reversed and remanded.