26507. CROXTON, administrator, *v.* BARROW.

DECIDED NOVEMBER 26, 1937.  REHEARING DENIED DECEMBER 10, 1937.

*Homer Beeland, Hollis Fort, Sidney L. Moore, A. A. Marshall,* for plaintiff.

*C. B. Marshall, Gilbert C. Robinson,* for defendant.

SUTTON, J.  J. S. Croxton as administrator of the estate of A. A. Thompson, deceased, foreclosed a bill of sale executed by Mrs. J. T. Barrow to Thompson in his lifetime to secure a note of $1000. Execution issued for principal and interest, and levy was made. Mrs. Barrow filed an affidavit of illegality, setting up that she had previously paid the interest, and that on January 4, 1936, Thompson, then in life, gave her a receipt for $980 as a gift on the note secured by the bill of sale; that at the time he was indebted to her in the amount of $20 which was applied on the note, and that by the receipt for the balance of $980 the indebtedness on the note was discharged in full. On the trial of the illegality the evidence was substantially as follows, the defendant having admitted a prima facie case and assumed the burden of proof:

J. T. Barrow testified for the defendant in fi. fa., that he operated the business known as Cash Hardware & Groceries for his wife, Mrs. J. T. Barrow; that she owned the business; that she borrowed $1000 from A. A. Thompson; that on January 4, 1936, he owed her a store account of $20; and that the witness wrote out the receipt which is set forth in her affidavit of illegality. (The receipt referred to reads as follows: "With interest to date, January 4, 1936, received of Cash Hardware and Grocery personal gift on merchandise and lot note—$980.—J. T. Barrow, manager," and signed by A. A. Thompson.) He further testified, that the words "personal gift" meant that the amount of $980 was to be credited against the Cash Hardware & Groceries note to Thompson as a gift to Mrs. Barrow; that he did not get the note from Thompson because Thompson told him he would get the mat-

ter straight the next time he came back to Reynolds, but he did not return; that several days after January 4, 1936, the witness saw Thompson's counsel and had a conversation with him about the note and bill of sale, but did not ask for the note because he was not looking to counsel but to Thompson for the note; that witness's signature was on the back of the note, copy of which was attached to the affidavit for foreclosure; and that the note was the one against which the receipt was given. The signature of Thompson on the receipt, which was introduced in evidence, was verified by two or three witnesses.

Homer Beeland testified for the plaintiff, that on January 4, 1936, he had the note and bill of sale in his office as attorney at law, for collection; that in the preceding fall Thompson came to him and said that Jamie [presumably the husband of Mrs. Barrow] was a little slow, and Thompson wanted the witness to collect the note; that witness told Thompson the year before that he thought he would let Jamie off with the interest this time, and a few days later told the witness that the interest had been paid; that along about the holidays, along up to may be the 15th of January, 1936, he said, "Well, Jamie paid me the interest, and I agreed to give him a little more time;" that at that time he did not tell the witness to stop trying to collect the note; that witness had told him that the note was lost, but later told him he had found it, and carried the note to Thompson and showed it to him; that to the best of his recollection he told him that in the fall of 1935, so that on January 4, 1936, Thompson knew that he had the note and bill of sale; that witness went to Barrow and informed him that Thompson said Barrow had paid the interest for the year 1935, and that Thompson had agreed to give him a little more time, and that Barrow remarked, "We got it fixed all right;" that witness's recollection of what Barrow said about this was that "he and Thompson had made an agreeable arrangement," and that was about as far as he went; and that witness did not have the collection on a contingent basis. Another witness testified that "about January 10, 1936, or in December, 1935, he asked Mr. Thompson if Jamie ever paid him anything, and Mr. Thompson said he paid the interest, kept the interest paid up." The note and bill of sale were admitted in evidence without objection, as was also the receipt signed by Barrow and Thompson.

The jury returned a verdict for the defendant. A motion for new trial on the general grounds, and on several special grounds which are dealt with in this opinion, was overruled, and he excepted.

■ The issue in the present case is whether or not the indebtedness of $1000 owed A. A. Thompson by Mrs. Barrow has been discharged by a gift. It is contended by her that a certain receipt given by Thompson amounted to a complete forgiveness. By the executor of his estate it is claimed that in this State a receipt can not so operate; that the facts of the case show that the intestate had not renounced dominion over the promissory note evidencing the debt; that only the interest on the note had been paid; and that there was no application on the debt of the $20 grocery bill due Mrs. Barrow by Thompson so as to reduce the debt to $980. Before entering into a discussion of the merits it is pertinent to set forth certain principles of law applicable to gifts. "To constitute a valid gift, there shall be the intention to give by the donor, acceptance by the donee, and delivery of the article given or some act accepted by the law in lieu thereof." Code, § 48-101. "If the donation shall be of substantial benefit, the law will presume the acceptance, unless the contrary shall be shown." § 48-102; *Culpepper* v. *Culpepper*, 18 *Ga. App.* 182 (89 S. E. 161); *Helmer* v. *Helmer*, 159 *Ga.* 376, 379 (125 S. E. 849, 37 A. L. R. 1137). "Actual manual delivery shall not be essential to the validity of a gift. Any act which shall indicate a renunciation of dominion by the donor, and the transfer of dominion to the donee, shall be a constructive delivery." Code, § 48-103. In *Harrell* v. *Nicholson*, 119 *Ga.* 458 (46 S. E. 623), it was said: "All are agreed that to constitute a gift there must be a present intention to give, and that this intention must be accompanied with delivery. Actual manual delivery is not essential in all cases. Constructive and symbolical delivery has been held to be sufficient under certain circumstances. If the property is bulky and the present intention to give is clear, and the donee, as soon thereafter as practicable, reduces the property to possession and exercises dominion over it, the gift will be upheld. 14 Am. & Eng. Enc. L. (2d ed.) 1021-1022; Thornton on Gifts, § 140. And it has been held that the delivery of a key to a chest or trunk is sufficient, if all the other elements are present. 14 Am. & Eng. Enc. L. (2d ed.) 1021-

1022; Thomas's admr. *v.* Lewis, 89 Va. 1 (15 S. E. 389, 18 L. R. A. 170, 37 Am. St. R. 848). It has also been held that the gift was complete where the donor pointed out to the donee several places where money .was buried, the donee afterwards going to the places thus indicated, digging up the treasure, and reducing it to possession. Waite *v.* Grubbe (Oregon), 73 Pac. 206. . . There must be in every case a delivery of some sort, such a delivery as would put it beyond the power of the donor to revoke the gift. He must relinquish all dominion and control over it as owner, and part absolutely with the title." For other discussions as to the essentials of a gift, see *Anderson* v. *Baker,* 1 *Ga.* 595, 599; *Carswell* v. *Ware,* 30 *Ga.* 267; *Evans* v. *Lipscomb,* 31 *Ga.* 71 (3); *Poullain* v. *Poullain,* 79 *Ga.* 11, 19 (4 S. E. 81); *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726); *Hall* v. *Simmons,* 125 *Ga.* 801 (54 S. E. 751); *Culpepper* v. *Culpepper,* supra; *Williams* v. *McElroy,* 35 *Ga. App.* 420 (133 S. E. 297). These decisions recognize the principle that actual manual delivery is not always necessary, and that constructive or symbolical delivery. may be sufficient in some circumstances.

While it does not appear that the question has been raised in this State as to whether or not a receipt issued by the creditor may constitute a gift of the debt, we think that under the Code, § 48-101, and the decided cases as to constructive delivery, a receipt may properly perform this function. Particularly should this be true where the subject-matter is not a physical thing but is intangible, because, being intangible, it is not susceptible of actual delivery. It is argued for the plaintiff that the proper act to indicate forgiveness in the present case would have been for the creditor to deliver the evidence of indebtedness, namely, the promissory note which was in the hands of his counsel. Where a note has been given for a debt, the acquisition of the note, where the debt has been paid, is not a prerequisite to a good defense in a suit on the debt. A receipt in full would manifestly defeat any action on the note by the original payee. Why, then, should not a receipt, where the other essentials of a gift are present, suffice to constitute a gift? Indeed, such is the rule in other jurisdictions. In 12 R. C. L. 944, § 21, it is stated: "A debt may be the subject of a' gift by the creditor to his debtor, and is generally referred to as a forgiveness of the debt. The delivery may be accomplished by

giving a receipt, even though not under seal and the debt is evidenced by a specialty, by surrendering the instrument evidencing the debt, or even by destroying it, if this is done with intent to cancel the debt; and the fact that the creditor reserves the right to interest on the debt does not affect the validity of the gift. A gift may be made of a portion of a debt, evidenced by the execution and delivery of a receipt for that part, and the acceptance by a creditor each year of a less amount than the interest due on the debt, and giving a receipt therefor stating that it is for interest in full for that year, shows an intention to give the remainder of the interest then due, and constitutes a valid gift thereof. And although part payment of a debt can not constitute an accord and satisfaction, a gift may be made of the balance after payment of part." In support of what is said in the R. C. L. text, cases from very respectable jurisdictions are cited, some of which are mentioned below. In Gray v. Barton, 55 N. Y. 68 (14 Am. R. 181), the plaintiff had an account against the defendant of over $800, and with the intention of making a gift thereof received from the defendant one dollar and balanced the account by the entry, "Gift to balance accounts." He also gave the defendant a receipt in full. It was held that there was a valid gift, and that the plaintiff could not afterwards maintain an action to recover the balance not paid. In Beaver v. Beaver, 117 N. Y. 421 (22 N. E. 940, 15 Am. St. R. 531, 6 L. R. A. 403), it was held that in the case of bonds and choses in action the delivery of the instrument which represented the debt is a gift of the debt, if such was the intention; and that where the debt is that of the donee, the delivery may be accomplished by a receipt acknowledging payment.

In McKenzie v. Harrison, 120 N. Y. 260 (24 N. E. 458, 8 L. R. A. 257, 17 Am. St. R. 638), it was held that although accord and satisfaction might not be shown, there may be a gift of a debt evidenced by a receipt. In Holmes v. Holmes, 129 Mich. 412 (89 N. W. 47, 95 Am. St. R. 444), it was held: "The acceptance by the mortgagee each year of a less amount than the interest due on the mortgage, and giving a receipt therefor stating that it was for interest in full for that year, shows an intention to give the remainder of the interest then due to the mortgagor, and constitutes a valid gift thereof." In Wilson v. Keller, 9 Ill. App. 347, it was said that in the case of a book account the delivery of a receipted

copy of it, or an acquittance, or possibly a copy of the account not receipted with intent to transfer it, is a delivery of the subject-matter sufficient to constitute a gift. In Fassett's Appeal, 167 Pa. 448 (31 Atl. 686), it was held that "arrearages of a dower due by a son to his mother may be the subject of a gift, and a receipt in full for such arrearages given by the mother to the son is evidence of a gift to the son."

In Hunter v. Wabash R. Co., 149 Mo. App. 243 (130 S. W. 103), it was held that the execution and delivery of a satisfaction of a judgment, with intent to give the debt, will operate as a gift. Mr. Thornton, in his work on Gifts, states that "A debt due from the donee to the donor is the subject of a gift. If this debt is evidenced by a note or other instrument of writing, the delivery of the note or instrument, with intent to make a gift of the debt, will be a sufficient delivery." He also adds: "So a delivery of a receipt instead of the instrument itself will be sufficient, especially if there is some reason why the instrument can not then be delivered." For other illustrations of what will take the place of actual delivery so as to constitute a gift, see the annotations in 37 A. L. R. 1147, in which the Georgia case of Helmer v. Helmer, supra, is reported. We think that the ruling as to sufficiency of a receipt in the above-mentioned cases is sound; and we accordingly hold that a receipt executed and delivered by the creditor to the debtor, with the intention to make a gift of the debt, will operate to constitue a gift of such debt.

As to the paper introduced in evidence in the present case to evidence a gift from Thompson to Mrs. Barrow, it must be said that it is awkwardly drawn and ambiguous in its meaning. Being so, its construction was for the jury. By their verdict the jury found that a gift was made of the indebtedness due to Thompson by Mrs. Barrow. We can not say that the evidence demanded a contrary finding. It might reasonably be argued that the paper introduced in evidence shows only an intention by Thompson to receipt for interest and the application to the grocery bill of $20, or that it evidences only a gift of $980 as part of the $1000 debt, without any consideration of the grocery bill; but the jury evidently concluded from the paper and the other evidence that the paper served a double purpose: first, to evidence an application on the $1000 debt of the grocery bill, which amounted to $20; and

second, to evidence a gift by Thompson of the balance of $980. J. T. Barrow, being the general agent of his wife in the operation of her business, had the right to make the application in her behalf; and it may be inferred that Thompson accepted such application. Both signatures appear on the paper. The jury also evidently found, that, after such application, a balance of $980 remained on the original indebtedness of Mrs. Barrow to Thompson, and that Thompson, under the recitals of the paper, intended to make a gift and delivery of the balance of the debt by signing the receipt and delivering it to Mrs. Barrow's agent. "Delivery of property to a third person as agent or trustee, for the use of the donee, and not as agent of the donor, under such circumstances as indicate that the donor relinquishes all dominion and control over the property, is a sufficient delivery to complete the gift." 28 C. J. 640, § 32; *Poullain* v. *Poullain*, supra; *Jackson* v. *Gallagher*, 128 *Ga.* 321 (57 S. E. 750). See also *Perkins* v. *Keith*, 33 *Ga.* 525. The gift being of substantial value, Mrs. Barrow's acceptance, under the authorities cited in the foregoing part of this opinion, is presumed. This principle is stated by Mr. Thornton in his work on Gifts, and on page 71, § 86, he adds: "The law even goes so far as to raise a presumption that the donee had knowledge of the gift; especially is that the case where the donor exercises no authority over the gift after the act of donation is completed on his part."

But the plaintiff contends that, even assuming that there was an intention to make a gift, there was no complete renunciation by Thompson of his right to demand payment. In support of such position it is argued that his attorney still retained the promissory note. We do not regard this fact as fatal to a complete delivery and renunciation of control, because the note was merely evidence of the indebtedness; and if the receipt discharged it, as we hold, the note could not thereafter be enforced against Mrs. Barrow by Thompson. It is further contended that by the testimony of Thompson's counsel that after the issuance of the receipt Thompson informed him that the interest had been paid, knew he had the note, but did not instruct him to forbear collection, it was shown that Thompson had not renounced dominion. That, however, amounted merely to negative testimony as to Thompson's attitude towards the debt, and was not inconsistent with a secret

intention on his part not to permit the note to go to suit. If counsel had instituted suit in Thompson's lifetime, the latter could have ordered its discontinuance. In the absence of instructions to sue, the jury was authorized to conclude from all the testimony that Thompson had in fact completely renounced dominion over the indebtedness, and that the receipt had been given as evidence of such act. It was further testified by his counsel that Thompson informed him that he had given the debtor more time. While this may appear inconsistent with the theory of a gift, there was no evidence of any timely revocation. The mere statement to his counsel, not to the one to whom he delivered the receipt, could not undo the gift. Indeed, "declarations of the donor made after the time of the alleged gift, if admissible at all to disprove a gift, will be of little probative value if a jury is convinced by competent evidence that a donor intended to deliver and did actually deliver the symbol of property which stood in lieu of the chattel [in the present case, the intangible debt], and merely omitted some formal act by which a renunciation and transfer of ownership is usually effected." *Culpepper* v. *Culpepper,* 18 *Ga. App.* 182 (4) (supra). In fact, the receipt having been given to one who was acting as agent for the debtor and not for the creditor, it was beyond the power of the donor to make a revocation. Taking the evidence as a whole, we can not say that the verdict was not authorized, and, accordingly it will not be disturbed.

■ Error is assigned on the refusal of the court to charge the jury, on written request, that "There must be a delivery to constitute a gift." The debt, being intangible, was not capable of actual manual delivery, and, as provided in the Code, § 48-103, "any act which shall indicate a renunciation of dominion by the donor, and the transfer of dominion to the donee, shall be a constructive delivery." The requested charge would not have been adjusted to the facts of the case, where a constructive or symbolical delivery was involved, and the court properly refused to charge in the exact language requested.

■ Error is assigned on the failure of the court to charge, without request, the legal definition of delivery in reference to gifts of personal property. The court instructed the jury that an issue had been made for their determination as to whether Mrs. Barrow was indebted to the estate of A. A. Thompson, and, if so, in what

amount, and whether the indebtedness represented by the promissory note and bill of sale had been satisfied and settled either by a gift or payment; that if they found that Thompson voluntarily made a gift to Mrs. Thompson, through her agent or any one else, of the indebtedness she would be entitled to prevail. If more detailed instructions had been desired, a special request should have been made. The defendant introduced in evidence a paper which the jury was authorized to find was voluntarily signed by the creditor and delivered to the debtor's husband, her agent, as a receipt, evidencing the forgiveness of the debt. There was no issue before the jury as to the delivery of the paper to the husband. The delivery was not denied. The court having charged the jury on the question of a gift, as above set forth, it was not error to fail to charge further the legal definition of delivery, in the absence of a special written request.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*