## 36779. BEDFORD v. BEDFORD.

CLARKE, Justice.

This is a direct appeal from various orders in a divorce case granting and denying summary judgment to the parties on issues involving the effect of an alleged settlement agreement, equitable division of property and disqualification of attorneys. The husband seeks to appeal the granting of a partial summary judgment to the wife on the issue of the settlement agreement under Code Ann. § 81A-156 (h) and under Code Ann. § 6-701 (b) seeks to appeal the other orders denying summary judgment. While the orders are procedurally subject to a direct appeal, see *Southeast Ceramics v. Klem,* 246 Ga. 294 (271 SE2d 199) (1980), we find the underlying subject matter upon which our constitutional jurisdiction is based is that of divorce, and this appeal is therefore dismissed for failure to comply with Code Ann. § 6-701.1 (a)(2).

We have previously held that in domestic relations cases, a failure to file an application to appeal will result in dismissal of the appeal, *Brown v. Brown,* 245 Ga. 44 (263 SE2d 438) (1980); *Martinez v. Martinez,* 245 Ga. 211 (264 SE2d 231) (1980). The divorce had already been granted in this case and the remaining issues involving alimony, property division and attorney fees reserved for trial. These pretrial summary judgments are a continuing part of a domestic

relations action, and if this court has jurisdiction over the issues, it is a result of the fact that they arise out of the suit for divorce.

The appellant argues that the issue of equitable division of property invokes our equity jurisdiction rather than divorce jurisdiction. Under the laws of this state, the court or jury has the authority to award the property of one spouse to the other spouse based solely on an equitable division of property. *Stokes v. Stokes,* 246 Ga. 765 (1980). (In *Stokes* we had granted the wife's application to appeal.) This right does not rely upon fraud or trust theories, but arises from the marital relationship. Since this is not an equity case setting forth a cause of action which would exist except as arising from a divorce, we hold the appeal procedures are governed by Code Ann. § 6-701.1. The jurisdiction is not changed by the fact that the appeal seeks a review of a summary judgment. See *Citizens &c. Nat. Bank v. Rayle,* 246 Ga. 727 (1980).

*Appeal dismissed. All the Justices concur, except Hill, J., who concurs specially and Bowles and Marshall, JJ., who concur in the judgment only.*

DECIDED DECEMBER 3, 1980.

*Davis, Matthews & Quigley, Baxter L. Davis, David J. Llewellyn,* for appellant.
*Alera Jill Elliott, Devine & Morris,* for appellee.

HILL, Justice, concurring specially.

I arrive at the same result by a different route. In this divorce and alimony case (divorce granted with alimony reserved), the husband sought to defend on several grounds, one of which was an alleged settlement agreement. The trial court found that the settlement agreement had not been signed and granted the wife's motion for summary judgment as to it. The husband seeks to appeal the grant of that partial summary judgment under Code Ann. § 81A-156 (h).

Relying on Code § 6-701 (b),[1] the husband contemporaneously seeks to appeal the denial of his motions seeking summary judgment as to the wife's claims for equitable division of property and an interest in the husband's business. (One other enumeration of error relates to the trial judge's refusal to rule on another motion; rulings may be appealable, but refusals to rule generally are not.)

It is doubtful whether motions for summary judgment as to

[1]See *Southeast Ceramics v. Klem,* 246 Ga. 294 (1) (271 SE2d 199) (1980).

particular defenses and some of the elements of damages are appropriate as motions for summary judgment. None of these motions resulted in "judgments." They resulted in orders governing the conduct of the case much as a pretrial order would. Code Ann. § 81A-116. Such a pretrial order is not appealable, at least not per se. A motion for summary judgment may be made as to a claim, a counterclaim or a cross claim, as to all (i.e., no liability) or part thereof (i.e., liability but not damages). Code Ann. § 81A-156 (a)(b). A motion to strike is the proper means by which to attack an insufficient defense (e.g., an alleged settlement agreement). Code Ann. § 81A-112 (f). Improper claims for damages should be eliminated from the case at a pretrial hearing or by some means other than a motion for summary judgment, which does not result in a "judgment." See 6 Moore's Federal Practice (Part 2) ¶ 56.20, discussing Biggins v. Oltmer Iron Works, 154 F2d 214 (7th Cir. 1946).

However, assuming that "summary judgment" was granted in this case (where it appears the motion was actually to strike an insufficient defense), Code Ann. § 6-701.1 (a) (2) requires an application to appeal orders granting or refusing alimony. If an order granting or refusing alimony is appealable only by application, it follows that a reasonable interpretation of Code Ann. § 6-701.1 means that orders allowing or disallowing claims to alimony or defenses to alimony are likewise appealable only by application. See *Citizens &c. Nat. Bank v. Rayle,* 246 Ga. 727 (1980).

All of the orders in this appeal regarding the property settlement agreement, the equitable division of property and interest in the husband's business, are orders relating to the granting or refusing of permanent alimony and hence can only be appealed by application under Code Ann. § 6-701.1 (a)(2). I therefore concur in the dismissal of this appeal.