### 62235. WILLINGHAM v. WILLINGHAM.

BIRDSONG, Judge.

This case was transferred to this court by the Supreme Court.

Appellant paid a $7,000 alimony payment to his ex-wife, but she returned the check to him. The evidence shows that at the time, the parties were dating and both of them apparently believed they would reconcile, that the appellant was then in some economic difficulty, and the appellee returned the check because she believed they would remarry and she "didn't want to feel like a really big heel." They did not remarry. From a judgment sustaining the ex-wife's garnishment against the appellant, he appeals. *Held:*

This case is not controlled by the Uniform Commercial Code, as appellant argues. The evidence supports a finding that appellant's $7,000 alimony debt was not paid, and that it was not forgiven and not extinguished. Whether a debt is extinguished or forgiven by certain acts is dependent upon the intention of the parties, to be arrived at from an examination of all the circumstances. See *Rossville Fed. Savings &c. Assn. v. Chase Manhattan Bank,* 233 Ga. 188, 190 (3) (154 SE2d 243). The trier of fact heard the evidence in the case, and as it fully supports the judgment we will not disturb it on appeal. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 2, 1981 —
REHEARING DENIED OCTOBER 27, 1981 — 

*Thomas H. Antonion,* for appellant.
*Scott Walters, Jr.,* for appellee.