## 38501. TOBITT v. TOBITT.

GREGORY, Justice.

The appeal in this case is subject to dismissal for failure to follow the requirements of Code Ann. § 6-701.1.

Appellee filed a petition for divorce against appellant, alleging the marriage was irretrievably broken. Code Ann. § 30-102 (13). In his petition appellee prayed for an equitable distribution of property. Appellant counterclaimed for a divorce on the ground of adultery and prayed for both permanent and lump sum alimony, the total equity in the marital home and all household furnishings. The trial court granted appellee's motion for judgment on the pleadings on the issue of divorce, reserving for future determination the issues of alimony, property rights and attorney fees. On April 29, 1981, the trial court conducted a bench trial on these remaining issues. Thereafter the trial court entered a final judgment ordering the marital home sold and the proceeds divided between the parties, awarding appellant $2,000, and making an equitable distribution of the household and personal belongings of the parties. On May 5, 1981 appellant filed a motion for new trial on the general grounds. The trial court denied her motion on June 3, 1981, and on June 8, 1981 appellant filed a notice of appeal to this court. On August 31, 1981 appellee filed with the trial court a motion to dismiss appellant's appeal for failure to follow the appeal procedures set forth in Code Ann. § 6-701.1. Appellant opposed this motion on the ground that the issue she sought to appeal — the equitable distribution of the parties' property — falls outside the scope of Code Ann. § 6-701.1. Relying on *Bedford*

*v. Bedford,* 246 Ga. 780 (273 SE2d 167) (1980), the trial court determined that under Code Ann. § 6-701.1 appellant was required to file an application to appeal to this court within 30 days of the denial of her motion for new trial. Concluding that appellant had failed to follow this appeal procedure, the trial court granted appellee's motion to dismiss the appeal.

From this order appellant has filed a direct appeal to this court. Her only enumeration of error is the trial court's dismissal of her appeal from the denial of her motion for new trial. Appellant does not question the trial court's authority to dismiss her appeal. Appellant concedes that she "failed to comply" with the provisions of § 6-701.1, but maintains that the issue of equitable distribution of property may be appealed directly to this court without necessitating the filing of an application to appeal under Code Ann. § 6-701.1. However, in *Bedford v. Bedford,* supra, we held that the court's or jury's authority to award the property of one spouse to the other spouse, based on an equitable division of property, "arises from the marital relationship." 246 Ga. 781. Where the equitable distribution of property does not set "forth a cause of action which would exist except as arising from a divorce, . . . the appeal procedures are governed by Code Ann. § 6-701.1." Id.

Since, in this case, the issue sought to be appealed clearly arises from the divorce proceedings, we agree with the trial court that the appeal procedures of Code Ann. § 6-701.1 control. Under Code Ann. § 6-701.1 (d) appellant was required to file an application to appeal within 30 days following the denial of her motion for new trial. We also decide that in a case governed by the appeal procedures of Code Ann. § 6-701.1 the trial court has the authority to dismiss the appeal where the appellant fails to timely file an application to appeal. See Code Ann. § 6-809 (b). Therefore, the trial court did not err in dismissing appellant's appeal.

*Appeal dismissed. All the Justices concur.*

DECIDED APRIL 6, 1982.

*Zeigler, Waters, Winters & Zeigler, L. R. Winters, Jr.,* for appellant.

*John Wright Jones, Frank P. Brannen,* for appellee.