## A95A1380. CROTTY v. CROTTY.
### (465 SE2d 517)

BIRDSONG, Presiding Judge.

This is a direct appeal from the order of the trial court in a suit brought for noncompliance with a settlement agreement incorporated into a divorce decree. Due to the unsettled body of law pertaining to the jurisdiction of the Supreme Court of Georgia, this case has enjoyed an unusual appellate history.

The parties were divorced on June 30, 1989; previously, on June 9, 1989, a divorce (settlement) agreement was executed by both parties and *was made a part of the final judgment and decree* by incorporation therein. In November 1993, appellant/plaintiff James Crotty filed a motion for contempt alleging in four counts that his former wife, appellee/defendant Roberta L. Crotty, had failed to comply with certain provisions of the settlement agreement requiring her to pay plaintiff certain sums. Shortly thereafter appellee apparently asserted that the action was to enforce contract rights arising from the settlement agreement and was not properly heard as a contempt action. Appellant filed a first amended motion for contempt and multi-count complaint for damages. Appellant moved for summary judgment. The trial court simultaneously held a hearing on the motion for summary judgment and on the motion for contempt and entered final judgment on January 10, 1995. However, in that order, the trial court failed to rule expressly on either motion and recited at the beginning of the order that the case came before it for a final hearing. Appellant directly appealed from the trial court's order based on OCGA §§ 5-6-34 (a) and 9-11-56 (h).

Originally this appeal was docketed with this Court and was dismissed for failure to comply with the discretionary appeals procedures. On motion for reconsideration, we concluded that the Supreme Court had jurisdiction over this appeal as it was a matter arising out of a divorce action. Accordingly, we vacated our order dismissing the appeal. "A judgment rendered by a court without jurisdiction of the subject matter is absolutely void," and the parties cannot extend the scope of a court's subject matter jurisdiction either by waiver or agreement. *Williams v. Fuller*, 244 Ga. 846, 848 (2) (262 SE2d 135). We transferred the case to the Supreme Court, which thereafter issued an order dismissing the case for failure to file a discretionary appeal. Appellant filed a motion for reconsideration asserting inter alia that his appeal was not from a domestic relations case pursuant to the holding of the Supreme Court in *Eickhoff v. Eickhoff*, 263 Ga.

498 (435 SE2d 914). The Supreme Court vacated its order dismissing the appeal and transferred the case, without citation of authority, to this Court. In its transfer order the court stated: "It appearing that this is not a divorce case within the meaning of the 1983 Ga. Const., Art. VI, Sec. VI, Par. III, inasmuch as the issues on appeal are matters of contract defense and entitlement to attorney fees under OCGA § 13-6-11, jurisdiction of the appeal is in the Court of Appeals." Note: The Supreme Court, under its precedent, would be required to vacate its order dismissing the appeal upon concluding that it lacked jurisdiction over the appeal. *Williams*, supra.

The operative facts are as follows. A settlement agreement was incorporated into a divorce decree which awarded, inter alia, appellee a 1987 Toyota Camry, appellant a 1982 Honda, and obligated appellee to pay $4,750 upon the sale of the marital residence to appellant to satisfy the difference in value between the two automobiles. After the parties were divorced their marital home was sold and they took back a second mortgage payable in three annual installments. Appellant agreed to allow appellee to keep the first two installment payments with his understanding that any amounts due him, pursuant to the divorce decree, would be paid from the amount appellee received in the final annual installment. Thus, appellant contends that pursuant to the terms of the divorce settlement agreement he was to be paid the $4,750 from the final installment payment. Appellee received the final $25,000 payment and tendered appellant a cashier's check in the amount of $10,500, which he elected not to accept as full payment. Appellant filed a motion for contempt, but following appellee's assertions that the action was simply an action to enforce appellant's rights pursuant to the divorce settlement agreement and could not be heard as a contempt action, he filed an amended complaint alleging various claims including breach of contract, fraud, misappropriation, and an attorney fees claim pursuant to OCGA § 13-6-11. Appellant waived jury trial. After hearing evidence presented, the trial court awarded appellant $19,077.31 but declined to award him the $4,750 or attorney fees pursuant to his OCGA § 13-6-11 claim. *Held*:

1. We have grave reservations whether, in determining if this case is subject to the discretionary appeals procedure of OCGA § 5-6-35, *Eickhoff v. Eickhoff*, supra at 498 (which concerned a settlement agreement that "was *not* incorporated into the final divorce decree"), is controlling. The settlement agreement in this case *was* incorporated into and thus became an integral part of the divorce decree and perforce a domestic relations matter for purposes of OCGA § 5-6-35. Breach of the *incorporated* settlement agreement constituted the breach of the *terms* of an order issued in a divorce or other form of domestic relations case. Compare *Bedford v. Bedford*, 246 Ga. 780 (273 SE2d 167), cited in *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192),

with *Tobitt v. Tobitt*, 249 Ga. 245 (290 SE2d 49); but cf. *Larimer v. Larimer*, 249 Ga. 500 (292 SE2d 71). Our views notwithstanding, this case has been transferred to this Court for appellate adjudication by order of the Supreme Court. An order to this Court issued by the Supreme Court is tantamount to a decision by that court as to the subject matter of the order, and we are compelled to comply therewith. Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI. However, perhaps in the near future, the General Assembly will take interest in the substantial and steady increase of our appellate jurisdiction brought about in part by the judicial interpretation of our higher court. Pursuant to the Supreme Court's transfer order, we will now exercise our jurisdiction over this case and adjudicate it on the merits; however, were we at liberty to do so, we would once again dismiss this appeal for failure to file a discretionary application.

2. Any attachments to briefs or to a motion for reconsideration which are not also part of the record cannot be considered on appellate review; a brief and motion for reconsideration or attachments thereto cannot be used as procedural vehicles for adding evidence to the record. *Griffin v. Loper*, 209 Ga. App. 504, 505 (433 SE2d 653); *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33); see *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347, 351 (411 SE2d 75).

3. Appellant asserts, as his first enumeration of error, that the trial court erred in ruling appellant "forgave" appellee of her contractual obligation to pay $4,750 *"required per the divorce agreement"* since there was no new consideration supporting any alleged release of this antecedent debt owed by appellee. (Emphasis supplied.) This enumeration on its face limits the assignment of error as arising from a ruling that an obligation to pay as required solely by a "divorce agreement" was forgiven. By transferring this case, the Supreme Court in effect has ruled that there exists no obligation to pay, arising from a "divorce" agreement, but that *any* existing obligations arose per force from a separate contractual agreement not the product of a divorce decree. "On appeal an enumeration of error cannot be enlarged by [a] brief to give appellate viability to an issue not contained in the original enumeration." *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522). One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold. *West v. Nodvin*, 196 Ga. App. 825, 830 (4) (b) (397 SE2d 567), citing *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223, 224 (372 SE2d 493). As this Court is compelled to conclude that no contractual obligation arose from the existing divorce agreement (the divorce decree of the parties of which the settlement agreement was made part), this enumeration of error, as crafted by the appellant, is without merit.

Assuming arguendo, appellant's enumeration was sufficient in scope to encompass an assertion that a contractual obligation arose from a contract entered into by means of a settlement agreement unrelated to a divorce agreement (as a part of a divorce decree), we still conclude that this enumeration is without merit. We are satisfied the trial court did not err in concluding that appellant had forgiven the payment of $4,750 by appellee.

Appellee testified that, during a discussion of money issues between the parties, appellant forgave her the $4,750 debt and, as evidence of this he put the figure "0" on the financial work sheet next to the word "car." Thereafter, until he filed the lawsuit, appellant never made any demand for the $4,750. Appellant testified and denied forgiving the debt, but admitted that he wrote "car" on the summary sheet in reference to the Camry, and that he wrote the figure "0" next to the word "car." Further, the figure $4,750 does not appear on the financial summary sheet; however, appellant asserted that was because he chose not to write the amount on the sheet.

*McLure v. McLure*, 159 Ga. App. 18 (282 SE2d 674) is distinguishable from the facts before us and not controlling. The issue before us is whether there is any evidence to support the trial court's findings that appellant forgave the wife of a debt and made a gift of that amount. We find that there is. " 'A debt may be the subject of a gift by the creditor to his debtor, and is generally referred to as a forgiveness of the debt.' " *Croxton v. Barrow*, 57 Ga. App. 1 (1) (194 SE 24). In *Willingham v. Willingham*, 160 Ga. App. 175 (286 SE2d 754), a wife returned an alimony payment check to her ex-husband because she believed they would remarry and she did not want to feel like a "heel"; the parties did not remarry. We *affirmed* the judgment of the trial court sustaining the ex-wife's garnishment against the appellant holding: "The evidence supports a finding that appellant's $7,000 alimony debt was not paid, and that it was not forgiven and not extinguished. Whether a debt is extinguished or forgiven by certain acts is dependent upon the intention of the parties, to be arrived at from an examination of all the circumstances. [Cit.] The trier of fact heard the evidence in the case, and as it fully supports the judgment we will not disturb it on appeal." Id. On appeal, an appellate court is required to construe the evidence most strongly to uphold the judgment (*Williams v. Perry*, 187 Ga. App. 586, 587 (1) (370 SE2d 836)); and, when reviewing a bench trial, even though the findings of fact contended by appellant would have been authorized by the evidence presented at trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside. *Brook Forest Enterprises v. Paulding County*, 231 Ga. 695 (203 SE2d 860). The evidence of record supports the trial court's findings notwithstanding that another factual determination regarding forgive-

ness of the debt also could, as in *Willingham,* supra, have been reached. We will not substitute our judgment of witness credibility and evidence weight for that of the trial court.

Additionally, we find that the conduct of appellant, under the facts here attendant also constituted a waiver by conduct of his right to assert that the $4,750 debt had not been forgiven. See generally *Fernandez v. Bank of Dahlonega,* 217 Ga. App. 739, 743 (4) (b) (459 SE2d 424); *Johnson v. Rogers,* 214 Ga. App. 557, 560 (5) (448 SE2d 710); *Hyre v. Denise,* 214 Ga. App. 552 (3) (449 SE2d 120); *Mauldin v. Weinstock,* 201 Ga. App. 514, 520 (4) (411 SE2d 370). We will not reverse the correct judgment of a trial court regardless of the reason given therefor. *Shapiro v. Lipman,* 259 Ga. 85, 86 (377 SE2d 673).

4. The trial court found that both parties failed to have clean hands, and both parties engaged in contemptuous behavior and chose to disregard the court order and to enter into "countless 'side agreements.' " The court then ruled that "after a full hearing of all issues, the court exercises its inherent discretion and declines to award [appellant/]plaintiff attorney fees related to contempt filings." The issue of attorney fees under OCGA § 13-6-11 is a question for the factfinder. *Leventhal v. Seiter,* 208 Ga. App. 158, 164 (7) (430 SE2d 378). Mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness or the causing of unnecessary trouble and expense under OCGA § 13-6-11. *Rivergate Corp. v. Atlanta Indoor &c.,* 210 Ga. App. 501, 504 (4) (436 SE2d 697). We cannot determine, under the facts of this case, that the trial court erred in denying appellant's claim for attorney fees. Moreover, we find that when a party seeking attorney fees has engaged in bad faith or stubborn litigiousness, or has caused unnecessary trouble and expense, such factor may be considered by the trial court and will, either standing alone or in conjunction with other operable facts, constitute some evidence to support a denial of the request for attorney fees. Appellant's second enumeration of error, that the trial court erred in failing to award appellant attorney fees, is without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED DECEMBER 8, 1995.

*Ashenden, Flynn & Gottlieb, Edward D. Flynn III,* for appellant. *C. Alan Mullinax,* for appellee.