## 52790. ROACH-RUSSELL, INC. v. A. B. R. METALS & SERVICES, INC.

MARSHALL, Judge.

Appellant Roach-Russell, Inc., a North Carolina corporation, brings this appeal from the dismissal of its conversion action against appellee A. B. R. Metals and Services, Inc. Appellant's sole enumeration of error is that the trial court erred in dismissing appellant's suit on the ground that as a foreign corporation it had failed to obtain a certificate to transact business within the state prior to commencing its suit against appellee.

The evidence reflects that appellant instituted suit against appellee in August, 1974. It did not obtain a certificate to do business in this state until November, 1974. Appellee filed a motion to dismiss that suit for appellant's failure to comply with Ga. L. 1968, pp. 565, 722; 1969, pp. 152, 196, 197 (Code Ann. § 22-1421 (b)). The trial court denied the motion to dismiss but upon appeal by appellee to this court, the trial court was reversed with directions that the motion to dismiss should be granted. *A. B. R. Metals &c. v. Roach-Russell, Inc.*, 135 Ga. App. 193, 194 (217 SE2d 447). The trial court dismissed the first suit. Appellant then filed the present action, a duplication of the first, in August, 1975, approximately nine months after obtaining its certificate to do business in this state in November, 1974. Based upon the remittitur of this court in the first case, the trial court again granted appellee's

motion to dismiss. Appellant asserts that inasmuch as it had obtained a certificate to do business in this state prior to the institution of the present suit, the trial court erred in dismissing it. *Held:*

Appellant's second filing runs afoul of the provisions of CPA § 41 (Ga. L. 1966, pp. 609, 653 (Code Ann. § 81A-141 (b)) dealing with involuntary dismissals. It is not contested that, based upon the remittitur from this court in the first case, *A. B. R. Metals &c. v. Roach-Russell, Inc.,* 135 Ga. App. 193, supra, the trial court dismissed that action. There is no contention that appellant voluntarily dismissed, and, in fact, the parties agree that the trial court acted on the remittitur to dismiss the first action.

CPA § 41 (b) in essence deals with involuntary dismissals resulting from (a) failure of the plaintiff to prosecute, (b) failure of the plaintiff to comply with an order of the court, or with the provisions of the CPA, (c) a typical nonsuit, and (d) any other dismissal not provided for in this particular subdivision of the CPA other than a dismissal for lack of jurisdiction, improper venue, or absence of an indispensable party. All such dismissals other than those specifically excepted from the provisions of the subsection operate as an adjudication upon the merits.

Inasmuch as the dismissal of the first suit was involuntary and did not involve a question of jurisdiction, lack of venue or absence of an indispensable party, we conclude the dismissal of the first action by the trial court was an adjudication on the merits. This is true even though the trial court did not specify that the dismissal was "with prejudice." *Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178, 180 (1) (217 SE2d 436). Furthermore, because the dismissal under this subsection of the CPA was involuntary and on the court's own motion based upon the remittitur from this court, the dismissed suit is res judicata as to the second complaint based on the same cause of action. *Ben Nuckolls Finance Co. v. Grubbs,* 127 Ga. App. 44, 45 (192 SE2d 408); *Gulf Oil Corp. v. Pentecost,* 133 Ga. App. 651, 652 (211 SE2d 908).

Though the trial court dismissed the present action with prejudice, it did not state the basis for that dismissal.

However, where the judgment of the trial court is proper and legal for any reason, it will be affirmed. *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 522); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED NOVEMBER 2, 1976.

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellant.

*Jessee, Ritchie & Duncan, Jeffrey L. Sakas,* for appellee.