## 56772. NATIONAL HERITAGE CORPORATION v. MOUNT OLIVE MEMORIAL GARDENS, INC.

WEBB, Judge.

On March 5, 1974, National Heritage filed an action against Mt. Olive for breach of contract. Mt. Olive responded that the contract was void because at the time it was entered into and prior to the time the suit was instituted National Heritage was a foreign corporation transacting business in the state of Georgia without a certificate of authority, and Mt. Olive pursuant to the provisions of Code Ann. § 22-1421 (c) voided, avoided and disaffirmed any and all contracts it may have had with

National Heritage. Mt. Olive also filed a counterclaim for $25,000.

In its brief National Heritage asserts that in October of 1975, upon payment of fees and penalties to the secretary of state, it received a certificate of authority for the years in question; that it submitted a copy of the certificate of authority to Mt. Olive and requested that its avoidance of the contract defense be waived so as to avoid bringing a second suit since the defect had been cured, but that Mt. Olive declined to do so; that it was not permitted to voluntarily dismiss the suit by the clerk of the superior court because of the pendency of the counterclaim; and that consequently it prepared and filed a second action on the contract on October 5, 1975, which represents the subject of this appeal. Mt. Olive answered the second complaint and filed a motion to dismiss on grounds of lack of jurisdiction and sufficiency of service and process, which was denied. On February 22, 1977, Mt. Olive again moved to dismiss on the ground that National Heritage had pending another suit for the same cause which was commenced prior to the present action. This motion was also denied, the trial court holding that "the plaintiff's first action is so defective, plaintiff having transacted business without a certificate of authority, that no recovery can possibly be had. . ."

Two and a half months later, on May 16, Mt. Olive filed a motion for summary judgment in the first action which was granted, the order reciting that upon the hearing it appeared "without dispute that the contract upon which plaintiff sues was entered into at a time when plaintiff, a foreign corporation, did not have a certificate of authority to transact business within this State, that the defendant has elected to raise the defense of avoidance of the contract in accordance with the provisions of . . . [Code Ann. § 22-1421 (c)], thereby leaving no genuine issue as to any material fact and entitling defendant to judgment as a matter of law. . ." No appeal was filed by National Heritage to this judgment.

Thereafter, Mt. Olive amended its answer in the second action to allege that the first action was res judicata, and again moved to dismiss the complaint. The second suit was dismissed and this appeal results.

National Heritage's arguments for reversal are bottomed on the premise that subsequent to the bringing of its original action it complied with the provisions of Code Ann. § 22-1421 (c) so as to cure the voidability of the contract sued on, by obtaining a certificate of authority "prior to final judgment in any action wherein this subsection is relied upon." However, there is nothing to show that the certificate of authority was put in evidence prior to the grant of summary judgment in the first action, and no certificate is in the record before us on appeal from dismissal of the second suit. " 'This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. [Cits.] *Jenkins v. Board of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204)." *Life Ins. Co. of Ga. v. Thomas,* 127 Ga. App. 682, 683 (1) (194 SE2d 625) (1972).

If National Heritage had the certificate to offer, it was incumbent upon it to put it in evidence and create an issue of fact, or to suffer judgment adversely. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (3) (138 SE2d 580) (1964). Since it did not, its arguments as to the legal effects of the later acquisition of a certificate cannot be considered. "A party against whom summary judgment has been granted is in the same position as if he suffered a verdict against him. [Cits.] Thus, it is evident that an adjudication on summary judgment is an adjudication on the merits of the case. [Cit.]" *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) (1973). Consequently the dismissal of the second unit must be affirmed. Compare *Roach-Russell, Inc. v. A. B. R. Metals & Services,* 140 Ga. App. 307 (231 SE2d 114) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 17, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED DECEMBER 7, 1978 — .

*Hull, Towill, Norman, Barrett & Johnson, John L. Creson,* for appellant.

*Foss, Pettigrew & Trippe, T. J. Foss,* for appellee.