A92A1538. VICK v. THE STATE.
(423 SE2d 46)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of vehicular homicide, driving under the influence, and other traffic offenses. His trial counsel filed a motion for new trial. After denial of the motion for new trial, appellant's trial counsel filed the notice of appeal and enumeration of errors pursuant to which the instant case was brought before this court.

1. Appellant's trial counsel enumerated as error only the general grounds.

Only the trial court has authority to weigh the evidence. This court can consider only the sufficiency of the evidence. According to appellant's witnesses, he was not driving the automobile at the time of the crash. According to the State's witnesses, he was. The credibility of the witnesses was for the jury and the jury, as it was authorized to do, believed those witnesses who testified for the State. Construing the evidence most favorably for the State, the evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant has only recently secured the services of substitute appellate counsel who seeks to raise, in the context of the instant appeal, the additional issue of the effectiveness of appellant's trial counsel and who requests a remand to the trial court for a hearing on that issue.

It has been held that, where the issue of effectiveness of trial counsel is raised for the first time on appeal by an appellate counsel who did not represent the appellant at trial or on motion for new trial and who did not file an amended motion for new trial, a remand for a hearing on that issue may be appropriate. See *Johnson v. State*, 259 Ga. 428, 430 (3) (383 SE2d 115) (1989). However, this presupposes that the appellate court is otherwise authorized to consider the issue of effectiveness of trial counsel and to order a remand for a hearing on that issue. In the absence of a valid enumeration of error raising the issue of the effectiveness of trial counsel, this court has no jurisdiction to consider that issue. See generally *Riggins v. State*, 128 Ga. App. 478 (2) (197 SE2d 154) (1973); *Calhoun v. Patrick*, 116 Ga. App. 303 (157 SE2d 31) (1967). In the instant case, the issue was obviously not raised in the original enumerations of error, because those original enumerations of error were filed by appellant's trial counsel. The issue was first raised by way of a supplemental enumeration of error filed by appellant's substitute appellate counsel. Although the first opportunity for appellant's substituted appellate counsel to raise this issue was by a supplemental enumeration of error, the supplemental enumeration of error, under controlling Supreme Court authority, "came too late and was a nullity." *Foskey v. Kirkland*, 221 Ga. 773-774 (1) (147 SE2d 310) (1966). See also *Arkwright v. State*, 223 Ga. 768, 769 (158 SE2d 370) (1967). Accordingly, we are compelled to hold that we have no jurisdiction to consider the issue of effectiveness of trial counsel and to order a remand for a hearing, because there is no valid enumeration of error raising that issue. Appellant is, therefore, relegated to pursuit of his habeas corpus remedy.

*Meders v. State*, 260 Ga. 49, 55 (10) (389 SE2d 320) (1990) is distinguishable. Although there appears to have been no valid enumeration of error in *Meders*, it was a death-penalty case and the Supreme Court predicated its remand, at least in part, upon its authority under the Unified Appeal Procedure to direct further hearings as to any issue, without regard to whether that issue was raised by the defendant or the State. See also *Hammond v. State*, 260 Ga. 591, 599 (10) (398 SE2d 168) (1990) (death-penalty case). The instant appeal is obviously not a death-penalty case and this court, unlike the Supreme Court, has no authority under the Unified Appeal Procedure. As noted, this court has jurisdiction to consider an issue only pursuant to a valid enumeration of error wherein that issue is raised.

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 28, 1992.

*James L. Bass, Lee R. Taylor,* for appellant.
*Roger G. Queen, District Attorney,* for appellee.