A98A1408. VANN v. BILLINGSLEY et al.
(508 SE2d 180)

RUFFIN, Judge.

Ronald Lee Billingsley and Wilma Billingsley sued Donna Joyce Vann for injuries arising out of an automobile accident. The trial court dismissed the complaint without prejudice due to plaintiffs' failure to timely perfect service. Vann appeals, contending that the dismissal was in fact a grant of summary judgment and should therefore have been with prejudice. Finding that the trial court did not err, we affirm.

According to plaintiffs' complaint, the traffic accident at issue occurred on December 13, 1993. Plaintiffs filed their complaint on December 12, 1995, shortly before the expiration of the two-year statute of limitation period. See OCGA § 9-3-33. However, service was not made on Vann until March 3, 1997, more than 14 months after the expiration of the limitation period.

On June 25, 1997, Vann filed a motion for summary judgment based on the expiration of the statute of limitation. In the alternative, she asked the court to dismiss the complaint due to plaintiffs' failure to diligently perfect service. Attached to the motion was an affidavit by Vann, stating that she had lived at her current address for 21 years, that her address was correctly listed on the police report of the incident, and that she had not attempted to evade service of process. Plaintiffs did not submit a responsive brief or any evidence in opposition to Vann's motion. On February 12, 1998, the trial court entered an order dismissing the complaint without prejudice due to the plaintiffs' failure to timely perfect service. The order did not purport to grant or deny Vann's motion for summary judgment.

Vann's sole enumeration of error is that "[t]he trial court erred in dismissing the [plaintiffs'] complaint without prejudice instead of with prejudice when it granted [Vann's] Motion for Summary Judgment." In her brief, Vann clarifies that this enumeration is based solely on her contention that the trial court's order, although purporting to dismiss the complaint without prejudice, actually constituted a grant of summary judgment. Since the trial court granted summary judgment, which is an adjudication on the merits, Vann argues that it should have dismissed the complaint with prejudice.

This enumeration of error, as framed by Vann, is clearly without merit, as it fails to recognize that summary judgment and dismissal with prejudice are separate and inconsistent procedural measures. Summary judgment is an adjudication on the merits and, where it disposes of the entire case, constitutes a final judgment. Dismissal, on the other hand, is the remedy for matters in abatement. See *Nat. Heritage Corp. v. Mt. Olive Memorial Gardens*, 244 Ga. 240, 242 (260 SE2d 1) (1979); *Nowell v. Fain*, 174 Ga. App. 592, 594 (330 SE2d 741) (1985). If, as Vann contends, the trial court's order was in fact a grant of summary judgment, it would have been improper for the trial court to "dismiss" the complaint with prejudice, as urged in the enumeration. Therefore, the issue presented in Vann's enumeration of error is without merit.

Although not raised in her enumeration, it appears from her brief that what Vann is actually seeking from this Court is not a reversal of the trial court's order, but a declaration that such order, although purporting to dismiss the complaint without prejudice, in fact constituted a grant of summary judgment, thus preventing

plaintiffs from relitigating the issues raised in this case. In essence, then, Vann is seeking an advisory opinion as to the nature and preclusive effect of the trial court's order.

This Court generally does not issue advisory opinions, see *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.*, 212 Ga. App. 575, 583-584 (3) (442 SE2d 860) (1994), and it would be particularly inappropriate to do so where, as here, the issue has not been properly framed in an enumeration of error. See *Vick v. State*, 205 Ga. App. 600, 601 (2) (423 SE2d 46) (1992); *Crotty v. Crotty*, 219 Ga. App. 408, 410 (3) (465 SE2d 517) (1995); *In the Interest of K. L. L.*, 204 Ga. App. 320, 321 (1) (419 SE2d 312) (1992). Moreover, it is not necessary for this Court to issue such an opinion at this time, as the effect of the trial court's order can be considered if and when it is used as the basis for a plea of res judicata in a subsequent suit based on the same transaction. A similar issue was addressed in *Nat. Heritage*, supra, where the trial court granted the defendant's motion for summary judgment based on the plaintiff's failure to obtain a certificate of authority to transact business in this state. The plaintiff reasserted its claim in a separate suit, and defendant raised the defense of res judicata. When plaintiff's claim was dismissed, plaintiff appealed, arguing that the purported grant of summary judgment in the first suit was actually the grant of a dilatory plea or matter in abatement, and not an adjudication on the merits. Id. at 241-242.

The Supreme Court agreed with the plaintiff, noting that "summary judgment (an adjudication on the merits) should not be used in ruling on a dilatory plea (a plea in abatement)." Id. at 243. The Court then addressed the issue: "Should plaintiff have been required to appeal in the first suit the order granting summary judgment in that suit, to urge only that summary judgment should not have been the vehicle used in ruling on a dilatory plea? We think not. There is no need for such an appeal because the matter can be rectified in the second suit." Id.

The Court further held that "where an order granting summary judgment in a prior suit is relied upon in final support of a plea of res judicata in a subsequent suit, the court considering the plea of res judicata should examine the underlying basis of the summary judgment. If that summary judgment actually was an adjudication of the merits (a plea in bar, or otherwise on the merits), the plea of res judicata should be sustained. However, if examination shows that the summary judgment actually was not an adjudication of the merits (a dilatory plea, etc.), the res judicata plea should be denied." Id.

*Nat. Heritage* thus makes it clear that, in determining the preclusive effect of a judgment, it is irrelevant whether it is styled a summary judgment or the grant of a plea in abatement. What is important is the underlying basis of the judgment, and that is prop-

erly examined when such judgment is used as the basis for a plea of res judicata in a subsequent suit. Accordingly, if plaintiffs hereafter seek to refile their lawsuit and Vann asserts the defense of res judicata, the trial court can then consider the facts underlying the dismissal in this case to determine whether it actually amounted to an adjudication on the merits. Until the issue has been properly joined in such subsequent action, we decline to issue an advisory opinion on this matter, particularly since Vann has not properly raised it in her enumerations of error.*

*Judgment affirmed. Pope, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED OCTOBER 20, 1998.

*Greer, Klosik & Daugherty, John F. Daugherty, Deborah M. Carter*, for appellant.

*Harris, Hartman, Aaron, Wharton & Boyd, James A. Secord*, for appellees.

---

* Whether or not the trial court *should* have ruled on and granted Vann's motion for summary judgment is not at issue in this appeal. Generally, there is nothing to review on appeal where no ruling has been made by the trial court on a motion. See *Northeast Ga. Artificial Breeders Assn. v. Brown*, 209 Ga. 547-548 (3) (74 SE2d 660) (1953). Moreover, even if the failure to rule on the summary judgment motion were appealable, Vann has failed to enumerate such failure as error, precluding our consideration of the issue. See *Vick*, supra; *Crotty*, supra; *In the Interest of K. L. L.*, supra.