## A00A1043. JORDAN, JONES & GOULDING, INC. v. BALFOUR BEATTY CONSTRUCTION, INC.
## A00A1046. WILLIAMS-RUSSELL & JOHNSON, INC. v. BALFOUR BEATTY CONSTRUCTION, INC.
### (539 SE2d 828)

JOHNSON, Chief Judge.

The architectural and engineering firms of Jordan, Jones & Goulding, Inc. ("Jordan Jones") and Williams-Russell & Johnson, Inc. ("Williams-Russell") entered into a venture with Balfour Beatty Construction, Inc. to design and construct improvements to a wastewater treatment plant. After encountering problems in construction, Balfour Beatty sued Jordan Jones and Williams-Russell (collectively "the engineers"), alleging that they failed to exercise reasonable care or competence in designing the improvements. Although the action against the engineers was one of professional malpractice, Balfour Beatty failed to file an expert's affidavit with the complaint. Based on that failure, Jordan Jones moved for summary judgment and to dismiss the complaint. Williams-Russell moved to dismiss the complaint on the same grounds. The trial court dismissed the complaint against the engineers without prejudice.[1]

The main issue in these appeals is whether the trial court should have dismissed the complaint with prejudice rather than without prejudice. In Case No. A00A1043, Jordan Jones appeals from the trial court's order of dismissal. Williams-Russell appeals from the same order in Case No. A00A1046. Because the appeals raise the same arguments, they will be considered together.

1. A plaintiff who brings an action alleging professional malpractice must file with the complaint an expert's affidavit.[2] The affidavit must set forth at least one negligent act or omission and the factual basis for the claim.[3] If the required affidavit is not filed with the complaint, the complaint is subject to dismissal for failure to state a claim.[4] A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice.[5]

---

[1] Balfour Beatty also sued the plant's owner. The case against the owner is still pending.

[2] OCGA § 9-11-9.1 (a).

[3] Id.

[4] OCGA § 9-11-9.1 (b).

[5] See *Lutz v. Foran*, 262 Ga. 819, 824 (4) (427 SE2d 248) (1993); *Hodo v. Basa*, 214 Ga.

Balfour Beatty concedes that its complaint against the engineers comes within OCGA § 9-11-9.1 (a), that it was therefore required to file an expert's affidavit with its complaint, and that it failed to do so. This Court has held that the proper consequence in such a case is dismissal of the complaint *with prejudice*.[6]

Balfour Beatty argues that a 1997 amendment to OCGA § 9-11-9.1 changes this well-settled rule. Balfour Beatty points out that the former subsection (e) of OCGA § 9-11-9.1, which provided that if a plaintiff fails to file an affidavit, the complaint is subject to dismissal for failure to state a claim and cannot be cured by amendment, was deleted in its entirety in 1997. Because the statute as amended does not include the language providing that the complaint is subject to dismissal for failure to state a claim, Balfour Beatty urges that dismissal is no longer "for failure to state a claim" and therefore is without prejudice. We disagree.

We note that the cases cited above for the proposition that dismissal is to be *with prejudice* were decided after the 1997 amendment was enacted. Thus, the amendment has not resulted in a change in our decisions regarding whether a dismissal under the statute is with prejudice.

In addition, the construction of a statute must square with common sense and sound reasoning.[7] And, the language in one part of the statute must be construed in light of the legislative intent as found in the statute as a whole.[8]

Only two subsections of amended OCGA § 9-11-9.1 mention dismissals, and they both provide that dismissal is for failure to state a claim. Subsection (b) provides that the contemporaneous filing requirement does not apply where the complaint is filed just before the statute of limitation expires and an affidavit could not be prepared; in those cases, the plaintiff has additional time in which to supplement the pleadings, and if he fails to do so within that period or by an extended deadline, and the defendant moves to dismiss based on that failure, *the complaint is subject to dismissal for failure to state a claim*. Subsection (d) provides that where the affidavit is defective, and the defendant moves to dismiss the complaint on that ground, *the complaint is subject to dismissal for failure to state a*

---

App. 895, 896 (1) (449 SE2d 523) (1994); *ABE Engineering v. Griffin, Cochran & Marshall*, 212 Ga. App. 586 (443 SE2d 1) (1994).

[6] See *Stamps v. Johnson*, 244 Ga. App. 238, 239 (535 SE2d 1) (2000); *Mendoza v. Pennington*, 239 Ga. App. 300 (1) (519 SE2d 715) (1999); see also *Collins v. Newman*, 237 Ga. App. 861, 862 (2) (517 SE2d 100) (1999) (complaint filed without expert affidavit is subject to dismissal for failure to state a claim).

[7] *Ga. Public Svc. Comm. v. Sawnee Elec. Membership Corp.*, 242 Ga. App. 156, 160 (2) (529 SE2d 186) (2000).

[8] *Alford v. Public Svc. Comm.*, 262 Ga. 386, 387 (1) (a) (418 SE2d 13) (1992).

*claim*, except that the defect may be cured by amendment within 30 days of service of the motion.

In construing the statute as amended, it would be unreasonable to hold that the legislature intended for complaints to be dismissed *with* prejudice when a defective affidavit is not timely corrected, and dismissed *with* prejudice when an affidavit is not filed within a certain number of days after the eleventh-hour filing of a complaint,[9] but that complaints are to be dismissed *without* prejudice when the plaintiff fails to file any affidavit whatsoever. No part of the statute provides that a complaint is subject to dismissal without prejudice.

Construing the statute as a whole, we conclude that the legislature intended that dismissals for complete failure to file an affidavit would have the same effect as dismissals for failure to file a proper affidavit: each of these dismissals is for failure to state a claim. Not only is this construction consistent with common sense, it is consistent with the long line of decisions rendered by this Court holding that dismissal for failure to file an expert's affidavit is with prejudice.[10]

Balfour Beatty argues that subsection (e) as amended provides the only consequence for failure to file an affidavit. As amended, subsection (e) provides that where a plaintiff fails to file an affidavit and the defendant raises the issue in its initial responsive pleading, the complaint is not subject to the renewal statute[11] after the limitation period expires, unless the plaintiff had the affidavit before filing the complaint but mistakenly failed to file it. We do not share Balfour Beatty's interpretation of the statute.

Subsection (e) lists but one possible consequence of failing to file an affidavit. This subsection did not replace the former subsection (e), but in fact was formerly subsection (f), and was in effect alongside the former subsection (e). The consequence listed in subsection (e) as amended is completely consistent with the consequence indicated in former subsection (e): failure to file an affidavit subjects the complaint to dismissal for failure to state a claim. Nothing in the statute or in the case law indicates that the exclusive consequence for a plaintiff's failure to file an affidavit is that he cannot file a renewal action after the statute of limitation expires.

The complaint in this case should have been dismissed on the merits. On remand the trial court is directed to vacate the judgment

---

[9] See OCGA § 9-11-9.1 (b), (d).

[10] See, e.g., *Lutz*, supra at 824; *Hodo*, supra.

[11] OCGA § 9-2-61 (a) provides, in relevant part, that when a case has been commenced within the applicable statute of limitation and the plaintiff discontinues or dismisses the same, it may be recommenced either within the original period of limitation or within six months after the discontinuance or dismissal, whichever is later.

of dismissal without prejudice and to enter judgment of dismissal with prejudice as to the engineers.

2. In its brief and in a separate motion to dismiss, Balfour Beatty argues that the appeals are premature and should be dismissed. It contends that the "without prejudice" aspect of the dismissal order cannot be appealed because such an appeal seeks an advisory opinion as to the nature and preclusive effect of the trial court's order. We disagree.

In its modified order, the trial court made an express determination that there is no just reason for delay and expressly directed the entry of judgment on the action filed against the engineers. The trial court's order is a final judgment as to the engineers and is appealable under OCGA § 5-6-34 (a) (1).[12]

Contrary to Balfour Beatty's contention, this case does not present a request for an advisory opinion. The engineers have asked this Court to review and reverse the trial court's decision to dismiss the complaint against them without prejudice, not to venture an opinion as to the legality of future actions which may or may not occur.[13]

The decision in *Vann v. Billingsley*[14] does not require that we reach a contrary result. One of the three judges serving on the panel in that case concurred in the judgment only, making the decision physical precedent only. In addition, the panel did not dismiss the appeal.[15] Not only is *Vann* without precedential value, it is of questionable authority since the case upon which it relies, *Nat. Heritage Corp. v. Mount Olive Mem. Gardens*,[16] does not clearly stand for the proposition for which it is cited. We do not read the court's statement in *Nat. Heritage* — that a plaintiff should not have been *required* to appeal an order in a first suit — as meaning that a plaintiff *could not* appeal such an order.

Bearing in mind that the Appellate Practice Act is to be construed liberally so as to bring about a decision on the merits of every case appealed and to avoid dismissal,[17] we hold that Balfour Beatty's argument that the appeal must be dismissed is without merit.

3. Balfour Beatty's motion for frivolous appeal penalties is denied.

*Judgments in both cases vacated and cases remanded with direction. Smith, P. J., and Phipps, J., concur.*

---

[12] See generally *Sommers v. State Compensation Ins. Fund*, 229 Ga. App. 352, 353 (2) (494 SE2d 82) (1997); *Turner v. Buhrow*, 205 Ga. App. 444 (422 SE2d 678) (1992).

[13] See *State v. Adams*, 209 Ga. App. 141, 142 (2) (433 SE2d 355) (1993).

[14] 234 Ga. App. 803 (508 SE2d 180) (1998).

[15] Id. at 804.

[16] 244 Ga. 240 (260 SE2d 1) (1979).

[17] See *Lawson v. Athens Auto Supply &c.*, 200 Ga. App. 609, 611 (1) (409 SE2d 60) (1991).

DECIDED SEPTEMBER 22, 2000.

*Smith & Fleming, Kent P. Smith, George D. Wenick, Peter M. Crofton,* for appellant (case no. A00A1043).

*King & Croft, Terrence L. Croft, Thomas A. Croft,* for appellant (case no. A00A1046).

*Moye, O'Brien, O'Rourke, Hogan & Pickert, Nathan E. Minear,* for appellee.