[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14963
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-80087-DMM

LARRY E. KLAYMAN,

Plaintiff-Appellant,

versus

PRESIDENT OF THE UNITED STATES OF AMERICA,
DEPUTY DIRECTOR,
Deputy Director of the U.S. Department of Justice,
Head of the Bureau of Alcohol, Tobacco and Firearms,
U.S. ATTORNEY GENERAL,
UNITED STATES OF AMERICA,
c/o U.S. Department of Justice Attn: Attorney General
Loretta Lynch 950 Pennsylvania Avenue, NW Washington, DC 20530,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 9, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Larry Klayman, an attorney proceeding *pro se*, appeals the district court's dismissal of his complaint challenging two executive orders issued by then-President Barack Obama regarding gun violence.  Klayman asserted that these executive orders illegally changed that law by requiring the: (1) Bureau of Alcohol, Tobacco, and Firearms ("ATF") to broaden the definition of a firearms "dealer" under 18 U.S.C. § 921 to treat almost anyone who bought or sold a firearm as a dealer ("ATF Guidance"); and (2) Social Security Administration ("SSA") to report all persons receiving disability payments, or those with mental health issues but were never formally adjudicated as mentally incompetent, for inclusion in the National Criminal Background Check System ("NICS") ("SSA Announcement").  The district court dismissed Klayman's complaint for lack of standing.  On appeal, Klayman argues his complaint alleged facts sufficient to establishing standing to challenge both the ATF Guidance and the SSA Announcement.  Even if the Defendants' executive orders created new law, Klayman lacks standing because he failed to allege he suffered an injury in fact or faces substantial risk of incurring harm.  Accordingly, we affirm.[1]

---

[1] We review *de novo* a district court's order dismissing a complaint for lack of standing. *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1228 (11th Cir. 2000).  We may affirm the judgment of the district court on any ground that finds support in the record. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).  The complaint

Standing is a threshold jurisdictional question we address prior to, and independent of, the merits of a party's claim. *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008). The party invoking federal jurisdiction bears the burden of proving the essential elements of standing. *Id.* At the pleading stage, general factual allegations of injury may suffice. *Id.*

To satisfy Article III's case or controversy requirement, a plaintiff must demonstrate: (1) he suffered injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) that the injury is fairly traceable to the actions of the defendant; and (3) that a favorable decision will likely redress the injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). An "injury-in-fact" requires an invasion of a legally protected interest. *Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011). An allegation of future injury may suffice if the threatened injury is substantially certain to occur. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). However, a plaintiff lacks standing if the complaint merely sets forth facts from which courts could imagine an injury. *DiMaio*, 520 F.3d at 1301. We will not speculate concerning the existence of standing; if the plaintiff

---

is construed in the light most favorable to the plaintiff, and we accept as true the plaintiff's well pleaded facts, even if disputed. *S & Davis Int'l., Inc. v. Yemen*, 218 F.3d 1292, 1298 (11th Cir. 2000).

fails to meet his burden, we cannot create jurisdiction by embellishing a deficient allegation of injury. *Id.*

Under 18 U.S.C. § 922, it is unlawful for a person to deal in firearms unless he or she is a licensed dealer. 18 U.S.C. § 922(a)(1)(A). Federal law defines a dealer as any person: (1) engaged in the business of selling firearms at wholesale or retail; (2) engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms; or (3) who is a pawn broker. 18 U.S.C. § 921(a)(11). A person "engaged in the business" of selling firearms "deal[s] in firearms as a regular course of trade or business with the principal objective of livelihood," but not one who "makes occasional sales, exchanges, or purchases" of firearms for "personal collections or for a hobby, or who sells all or part of his personal collections of firearms." 18 U.S.C. § 922(a)(21)(C). Federal law makes it unlawful for any person previously adjudicated as a mental defective[2] or committed to a mental institution to possess or receive a firearm in interstate or foreign commerce. *Id.* § 922(g)(4).

The district court did not err in dismissing Klayman's complaint because Klayman lacked standing to challenge the ATF Guidance. Klayman failed to allege he engaged in conduct that could reasonably require a federal firearms

---

[2] "[A]djudicated as a mental defective" constitutes a determination by a court, board, commission, or other lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition or disease: (1) is a danger to himself or others; or (2) lacks the mental capacity to contract or to manage his own affairs. 28 C.F.R. § 478.11.

4

license.  Klayman did not allege any past harm stemming from the ATF Guidance, and he never alleged he would repetitively buy and sell firearms for the principal motive of making a profit.  Rather, his complaint indicated he owned guns for their collectable value and self-defense.  Klayman only contends that he may engage in future conduct by selling a firearm without a license and never indicates concrete plans to do so; thus, Klayman's conduct falls outside of that regulated by the ATF Guidance.  *See* 18 U.S.C. § 922(a)(21)(C).  He also ignores other the factors necessary for prosecution cited in the ATF Guidance.  Moreover, Klayman failed to allege any risk of future harm traceable to the ATF Guidance itself, as opposed to the preexisting federal laws it describes.  *See Friends of the Earth, Inc.*, 528 U.S. at 180-81.  Because Klayman cannot demonstrate he previously suffered an injury in fact or faces a substantial risk of incurring future harm from the ATF Guidance, he lacks standing.  *See id.*

Furthermore, Klayman failed to demonstrate that he suffered any past or imminent future injury stemming from the SSA Announcement.  As an initial matter, Klayman conceded that the SSA Announcement only indicated that the SSA would begin the rulemaking process.  However, even if this process resulted in a rule that precluded a new subset of individuals from legally purchasing firearms, he never alleged that he suffered from a mental health condition or that he receives—or is imminently likely to receive—SSA disability benefits.

Moreover, despite Klayman's contention that he could be classified as having a mental health condition, nothing in the record indicates he faces such a risk. Klayman asserts that some world governments suppressed opposing political opinions by labeling dissidents as possessing mental health issues; however, it is insufficient that he set forth facts from which we could imagine an injury sufficient to satisfy standing requirements because we will not speculate concerning the existence of standing. *See DiMaio*, 520 F.3d at 1301. Consequently, because Klayman cannot demonstrate that he previously suffered an injury in fact or faces a substantial risk of incurring future harm from the SSA Announcement, he lacks standing.

**AFFIRMED.**