**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nathaniel Shell, Respondent,

v.

Law Office of Neil T. Phillips, LLC; and Neil T. Phillips, Appellants.

Appellate Case No. 2023-000859

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-107
Heard September 11, 2025 – Filed March 4, 2026

———————

**AFFIRMED**

———————

Douglas Walker MacKelcan, III, and Taylor Leigh Cary, of Copeland, Stair, Valz & Lovell, LLP, of Charleston, for Appellants.

Duane Alan Lazenby, of Lazenby Law Firm, LLC, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Neil T. Phillips and Law Office of Neil T. Phillips, LLC (collectively, Phillips) appeal the circuit court's order granting Phillps's 12(b)(6), SCRCP, motion to dismiss without prejudice and denying Nathaniel Shell's motion

to extend time.  Phillips argues Shell's cause of action should have been dismissed with prejudice pursuant to the language and intent of section 15-36-100 of the South Carolina Code (Supp. 2025).  We affirm.

## FACTS AND PROCEDURAL HISTORY

This action arises from Phillips's legal representation of Shell in a civil lawsuit.  Shell alleged Phillips failed to notify him of the date and time of his bench trial, leading to the circuit court holding the trial without Shell present.  Following the bench trial, the circuit court entered a judgment of $211,287.12 against Shell.  Shell appealed, arguing the circuit court erred by moving forward with the bench trial when he was not present; this court affirmed the judgment, finding the issue was unpreserved for appellate review and that Phillips did not substantially comply with Rule 40(i), SCRCP, because Phillips never requested a continuance.  *See Shell v. Shell*, Op. No. 2021-UP-436 (S.C. Ct. App. filed Dec. 8, 2021); *see also* Rule 40(i), SCRCP (providing the procedure for requesting a continuance).  Shell filed pro se a legal malpractice action against Phillips on December 8, 2022, alleging negligence, breach of contract, and negligent infliction of emotional distress.  On January 6, 2023, Phillips filed a Rule 12(b)(6), SCRCP, motion to dismiss the action with prejudice on the ground that Shell failed to file an affidavit of an expert witness with his complaint as required under section 15-36-100(B).  On February 9, 2023, Shell filed a motion requesting the circuit court extend the time for him to file an expert witness affidavit pursuant to subsection 15-36-100(C)(1).

Subsection 15-36-100(C)(1) states,

> The contemporaneous filing requirement of subsection (B) does not apply to any case in which the period of limitation will expire, or there is a good faith basis to believe it will expire on a claim stated in the complaint, within ten days of the date of filing and, because of the time constraints, the plaintiff alleges that an affidavit of an expert could not be prepared.  In such a case, the plaintiff has forty-five days after the filing of the complaint to supplement the pleadings with the affidavit.  Upon motion, the trial court, after hearing and for good cause, may extend the time as the court determines justice requires.  If an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit

should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim.

At the motion hearing, Shell also argued the circuit court should extend the time for him to file an expert witness affidavit pursuant to subsection 15-36-100(C)(2) ("The contemporaneous filing requirement of subsection (B) is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant."). Phillips argued Shell failed to establish subsection 15-36-100(C)'s exceptions applied and that the complaint should be dismissed with prejudice. Shell argued subsection 15-36-100(C)'s exceptions applied because he acted with due diligence, he was unable to find an attorney to assist him, he did not know about the contemporaneous expert affidavit filing requirement, and the issue lay within the ambit of common knowledge. Shell asserted he was still within the statute of limitations to file an action and could submit an affidavit within two weeks.

On March 28, 2023, the circuit court entered an order granting Phillips's motion to dismiss without prejudice and denying Shell's motion to extend the time to file an affidavit. The circuit court found Shell failed to show either exception under subsection 15-36-100(C) applied or establish grounds justifying an extension of time to file the affidavit. Phillips filed a motion to reconsider, which the circuit court summarily denied, finding, "The dismissal was not on the merits, and thus was properly without prejudice." This appeal followed.

**ISSUE ON APPEAL**

Did the circuit court err by failing to dismiss Shell's complaint *with prejudice* when he failed to file an affidavit of an expert witness as part of his complaint pursuant to section 15-36-100?

**STANDARD OF REVIEW**

"In reviewing a motion to dismiss, [an appellate c]ourt applies the same standard of review as the trial court." *Carolina Park Assocs. LLC v. Marino*, 400 S.C. 1, 6, 732 S.E.2d 876, 878 (2012). In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the appellate

court must consider whether the complaint, "viewed in the light most favorable to the plaintiff," states any valid claim for relief. *Id.* If the complaint states a valid claim for relief, dismissal is improper. *Id.* "Questions of law may be decided with no particular deference to the trial court." *Id.* (quoting *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011)).

## LAW AND ANALYSIS

Phillips argues the statutory language and intent of section 15-36-100 required the circuit court to dismiss Shell's complaint *with prejudice*. Phillips contends that interpreting the statute to allow dismissal of Shell's complaint *without* prejudice renders the exceptions to the contemporaneous filing requirements meaningless. Phillips further avers neither exception applied here. Phillips additionally asserts that the purpose of section 15-36-100 is to discourage litigation of frivolous claims. Finally, Phillips relies upon *Jordan, Jones & Goulding, Inc. v. Balfour Beatty Construction, Inc.*, 539 S.E.2d 828 (Ga. Ct. App. 2000), to argue that dismissal for failure to state a claim is a dismissal on the merits and is with prejudice.[1] We disagree.

We hold the circuit court did not err by dismissing Shell's legal malpractice action without prejudice. Dismissing Shell's action without prejudice conforms with the statutory language and intent of section 15-36-100. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). Subsection 15-36-100(B) requires a plaintiff alleging professional negligence against a professional licensed in this state to "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim. . . ." The expert affidavit requirement applies in legal malpractice

---

[1] In *Jordan*, the Georgia Court of Appeals held that a complaint should be dismissed with prejudice for failure to file an expert's affidavit with the complaint. 539 S.E.2d at 829. Under Georgia law, "A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice." *Id.* This is inconsistent with our jurisprudence. *See Spence v. Spence*, 368 S.C. 106, 129, 628 S.E.2d 869, 881 (2006) ("When a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice."). Therefore, we find *Jordan* unpersuasive.

actions. *See id.*; § 15-36-100(G)(2) (listing "attorneys at law" as a profession to which section 15-36-100 applies). The statute contains only two specific exceptions to this requirement, subsections 15-36-100(C)(1) and (2). *See* § 15-36-100(C) (providing the contemporaneous filing requirement does not apply when (1) "the period of limitation will expire, or there is a good faith basis to believe it will expire on a claim stated in the complaint, within ten days of the date of filing and, because of time constraints, the plaintiff alleges that an affidavit of an expert could not be prepared" or (2) when the "subject matter . . . lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant").[2]

Additionally, subsection 15-36-100(F) provides,

> If a plaintiff fails to file an affidavit as required by this section, and the defendant raises the failure to file an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, the complaint is not subject to renewal after the expiration of the applicable

---

[2] Phillips argues subsection 15-36-100(E) also constitutes an exception to subsection 15-36-100(B). We disagree. Subsection 15-36-100(E) allows the plaintiff to amend an affidavit that *has already been filed*. Subsection 15-36-100(E) provides,

> If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed contemporaneously with its initial responsive pleading, that the affidavit is defective, the plaintiff's complaint is subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment within thirty days of service of the motion alleging that the affidavit is defective. The trial court may, in the exercise of its discretion, extend the time for filing an amendment or response to the motion, or both, as the trial court determines justice requires.

Therefore, subsection 15-36-100(E) is not an exception to subsection 15-36-100(B). Rather, subsection 15-36-100(E) allows an amendment process, which is inapplicable here because Shell never filed the affidavit in the first place.

period of limitation unless a court determines that the plaintiff had the requisite affidavit within the time required pursuant to this section and the failure to file the affidavit is the result of a mistake.

Here, Shell failed to file an expert affidavit, and the circuit court rejected his arguments that either exception in subsection 15-36-100(C) applied. Phillips frames the issue on appeal as whether failure to meet either of the exceptions without also dismissing the case with prejudice renders the exceptions meaningless. Therefore, we need not decide whether the circuit court correctly determined that the exceptions did not apply here.

We hold that by reading section 15-36-100 as a whole, the exceptions in subsection 15-36-100(C) do not require that a dismissal for failure to meet the exceptions must be with prejudice. Allowing dismissal of Shell's complaint *without* prejudice does not render the exceptions to the contemporaneous filing requirements meaningless because subsection 15-36-100(C) allows plaintiffs the opportunity to rectify their failure to file an expert affidavit within the present action as opposed to facing dismissal and having to refile. In other words, a plaintiff's failure to comply with subsection 15-36-100(B) when no exceptions apply would still require dismissal, even if that dismissal is without prejudice. Thus, dismissing the claims without prejudice did not render the exceptions meaningless.

Further, subsection 15-36-100(F) provides a mechanism for refiling a complaint after it has been dismissed for failure to file an expert affidavit and specifies that "the complaint is not subject to renewal after the expiration of the applicable period of limitation." *Id.* We hold the language of subsection 15-36-100(F) is unambiguous and allows a party to refile or amend his complaint, so long as the statute of limitations has not expired. Thus, we conclude nothing in section 15-36-100 required the circuit court to dismiss Shell's complaint *with* prejudice.[3]

---

[3] In his reply brief, Phillips cites *Santos v. Harris Investment Holdings, LLC*, 439 S.C. 214, 220-21, 886 S.E.2d 483, 487-88 (Ct. App. 2023) (holding dismissal with prejudice was appropriate where the plaintiff failed to state a cognizable claim in her complaint, "any amendment by [the plaintiff] would have been futile as the entire premise for her complaint d[id] not warrant relief[,] and she failed to allege additional facts in her Rule 59(e), SCRCP, motion to support the allegations in her pleading," and the plaintiff "merely stated she would be ready to amend her complaint upon the court's request or finding that the complaint was deficient"). We find *Santos* distinguishable on the facts as, unlike the plaintiff in *Santos*, Shell

Phillips's motion to dismiss was made pursuant to Rule 12(b)(6), SCRCP, which permits a trial court to address the sufficiency of the pleadings rather than the underlying merits of a claim. *See Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 180, 826 S.E.2d 585, 587 (2019) (holding Rule 12(b)(6) "permits the trial court to address the sufficiency of a pleading stating a claim," not to address "the underlying merits of the claim"). Moreover, the circuit court's Form 4 order denying Phillips's motion to reconsider expressly stated the order of dismissal did not address the merits of the underlying claim. Dismissing Shell's complaint with prejudice when he has potentially valid claims and filed his action well within the statute of limitations would be antithetical to our existing jurisprudence, which mandates we make decisions based on merit, not procedure. *See Spence*, 368 S.C. at 128, 628 S.E.2d at 881 ("Dismissal of a case precludes relitigation only on matters actually decided in the dismissal."); *id.* at 129, 628 S.C. at 881 ("When a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice."); *Davis v. Lunceford*, 279 S.C. 503, 507, 309 S.E.2d 791, 793 (Ct. App. 1983) (holding the trial court properly dismissed an action when the plaintiff timely served the summons but failed to timely serve the complaint, but such dismissal was not an adjudication on the merits and thus the dismissal must be without prejudice).[4]

**CONCLUSION**

For the foregoing reasons, we hold the circuit court did not err by dismissing the action without prejudice.

---

has a colorable claim against Phillips based on Phillips's failure to request a continuance of the trial. *See Shell v. Shell*, Op. No. 2021-UP-436 (S.C. Ct. App. filed Dec. 8, 2021); *see also* Rule 40(i), SCRCP (providing the procedure for requesting a continuance).

[4] Shell argued in his brief that he should be held to a less stringent standard because he filed his complaint pro se. Although we need not address this additional sustaining ground, we note this argument is unpersuasive. *See State v. Policao*, 402 S.C. 547, 558, 741 S.E.2d 774, 779-80 (Ct. App. 2013) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law." (quoting *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003))); *State v. McLauren*, 349 S.C. 488, 495, 563 S.E.2d 346, 349 (Ct. App. 2002) (holding the pro se defendant had sufficient background and understanding of the legal system and legal rights and would be held to his waiver).

**AFFIRMED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**